## SMITH *vs.* SMITH.

[ BILL IN EQUITY BY HUSBAND WHO HAD OBTAINED DIVORCE AGAINST WIFE, TO ENJOIN COLLECTION OF PERMANENT ALIMONY ALLOWED TO WIFE IN YEARLY INSTALLMENTS, ON THE GROUND OF LOSS OF FORTUNE AND THE MARRIAGE OF THE WIFE SINCE THE DECREE FOR ALIMONY. ]

1. *Alimony, decree allowing, effect of ; how can not be altered.*—Alimony, or allowance made to the wife on a decree for divorce from the bonds of matrimony, under the statute in this State, is absolute, and can not afterwards be increased or diminished. The fact that the allowance was a sum certain to be paid from year to year, instead of a sum in gross, does not change the character of the decree.
2. *Same ; ecclesiastical law, rule of, does not apply since adoption of Code.* The rule of the ecclesiastical law, that alimony allowed the wife on a divorce from bed and board, may be subsequently increased or diminished by the court, does not apply in such a case as this since the adoption of the Code.

APPEAL from Chancery Court of Randolph.
Heard before Hon. S. K. McSPADDEN.

All the facts of the case will be found in the opinion.

SMITH & SMITH, and C. D. HUDSON, for appellant, cited 16 Ala. 52 ; 18 Ala. 63 ; 2 Ala. 521 ; 12 Peters, 492.

FOSTER & FORNEY, and JOHN T. HEFLIN, *contra.*—1. The court had the power, on application, upon any material change in the circumstances of the parties, to increase or *reduce* the allotment of alimony, whether temporary or permanent.—Bishop on Marriage and Divorce, § 593 ; *Miller v. Miller*, 6 Johns. 91.

2. In this case, the divorce was in favor of the husband for the misconduct of the wife—adultery ; the allowance, by the Code, ( § 2366,) is to be regulated by the ability of the husband and the nature and misconduct of the wife. In all cases where divorce is granted to the husband for the misconduct of the wife, alimony is allowed solely to prevent the necessity of the wife resorting to prostitution

Smith v. Smith.

to obtain a *livelihood*.—Bishop on Marriage and Divorce, § 565. If she afterwards marries, or does resort to prostitution, then the reason for the allowance of alimony ceases, and she has no further claims on the bounty of the husband for assistance or alimony.

3. The precise point raised in this case as to the power of the court to reduce the sum allowed for alimony, &c., has been decided in other States under statutes very like our own. It has been held, that where alimony is allowed as incidental to a dissolution of the marriage, the sum fixed may afterward be changed, increased or diminished, to effectuate the object of the law in giving alimony, in any manner consistent with equity.—*Wheeler v. Wheeler*, 18 Ill. 40; *Foote v. Foote*, 22 Ill. 425; *Bowman v. Worthington*, 24 Ark. 523, 539, *et seq.; Fisher v. Fisher*, 2 Swobey & Tristam, 411; *Sidney v. Sidney*, 4 Swobey & Tristam, 180.

The effect of the second marriage of the appellant is to destroy all right to alimony subsequent to this marriage. The reason on which alimony rests is two-fold : the maintenance of the divorced wife, and her reclamation, if she will be reclaimed. When she enters into a second marriage, the husband of this marriage becomes liable for her maintenance, which absolves the former husband from the same liability; otherwise, the case presents the strange anomaly of a woman with two living husbands, one for social and conjugal relations, and the other for maintenance. This is not merely a solecism or anomaly in the law, but an impossibility. And so the law is settled by adjudications.—*Albee v. Wyman*, 10 Gray's Mass. Rep. 222; *Fisher v. Fisher*, 2 Swobey & Tristam, 411; *Sidney v. Sidney*, 4 Swobey & Tristam, 180.

PETERS, J.—The appellee, Jeremiah Smith, some time in 1856 was divorced from his wife, Margaret E. Smith, the appellant, by decree of the chancery court of Randolph county, in this State, upon the ground of adultery on the part of the wife. After this decree was rendered, Mrs. Smith filed her bill in the same court to open and set aside

18

the decree above said against her, for fraud.  The latter
bill was dismissed by the chancellor in 1859, so far as it
sought to open, set aside, or reverse the decree of divorce
first above said; but at the same time, the court rendered
a decree in favor of Mrs. Smith against her late husband,
said Jeremiah Smith, " for one hundred dollars per annum
as permanent alimony, commencing 1st January, 1860,
payable at the end of the year, and at the end of each
year thereafter." No portion of the allowance thus de-
creed was ever paid to Mrs. Smith; and in 1866 Mrs.
Smith caused executions to be issued on the decree in her
favor against her former husband, for the annual sums due
her for allowance as above said, and caused the same to
be levied on the property of her late husband for collec-
tion and satisfaction.

The present bill is brought to enjoin the collection of
said executions, and for general relief. The grounds
alleged to justify this relief in favor of Smith, the com-
plainant, and late husband of Mrs. Smith, the defendant
in the court below, are, that the divorce was in favor of
the husband against the wife, for adultery; that the wife
had married a second husband since the divorce; and that
the complainant's estate had been reduced from a posses-
sion of effects worth from fifteen to twenty thousand dol-
lars, to an estate worth but little above three thousand
dollars; and that he is about forty-two years of age, and
has three children dependent on him, the oldest of whom
is fifteen years old, and the youngest eleven years of age.
It is also alleged, that after the decree for divorce, the wife
had left the State and settled in the State of Arkansas.

Mrs. Smith alone was made defendant to the bill, and
an injunction was granted restraining the collection of the
executions above referred to. The bill was demurred to,
and several grounds of demurrer were specified and
assigned : 1st, The want of proper parties defendant; 2d,
The decree for alimony or allowance was final; 3d, Want
of equity; 4th, That complainant does not propose to do
equity. Mrs. Smith also answered the bill of complaint,
and denied any second marriage and removal from the
State, as alleged by complainant, and she also denied the

allegations of the bill as to the value of the complainant's estate, his age, and the number of his children, as stated in the bill; and she alleges that his estate is worth eight or nine thousand dollars. There was only the testimony of a single witness offered on the hearing. This was for the complainant. The evidence of this witness shows that Mrs. Smith and a Mr. Gwinn "bedded together" in Angeline county, in the State of Texas, in the year 1863, and treated each other as husband and wife. The cause was submitted on "bill, exhibits, answer, demurrer, and proofs." The chancellor overruled the demurrer and perpetuated the injunction, except for the allowance "for the year ending on the 31st December, 1863," and taxed the husband with the costs. This decree was made in 1867. And from it Mrs. Smith, the defendant below, appeals to this court, and assigns the overruling of her demurrer and the decree of the chancellor as error.

The equity of the bill in this case depends upon the character of the decree allowing alimony to Mrs. Smith, which was rendered on the 6th day of January, 1860. If this decree was absolute, then the bill was without equity, and the decree could not be afterwards suspended or altered.

By the law of England, to which we so frequently refer for precedents and cases to govern American practice, no divorces, except from bed and board, were permitted, if the marriage was not void, until after the year 1858.—2 Bish. Mar. & Div. § 574. There was, then, no such thing as alimony upon a final dissolution of the marriage, but the wife was restored to the possession of her property, as before the marriage, because the marriage was void, and the husband acquired no right over the wife's estate. The right, then, to an allowance in favor of the wife, upon a final dissolution of the marriage, depends on our statute. The statute in force at the date of the divorce and the allowance of what is called alimony in the decree in this case, was in the following words, to-wit: "If the wife has no separate estate, or if it be insufficient for her maintenance, the chancellor, upon granting a divorce, must decree the wife an allowance out of the estate of the husband, taking into consideration the value thereof, and the condition of his fam-

ily."—Code, § 1971; Rev. Code, § 2361. This "allowance" to the wife is not, in fact, alimony, in the sense of the ecclesiastical law of England; but it is more strictly an arrangement in lieu of a division of the estate of the parties, so as to return to the wife her just portion of that property which mutually belonged to both during the marriage, and which the labor and care of both may have equally contributed to procure and preserve. This allowance was intended to supply the wife with the means of commencing life anew, after her expulsion from the household of the husband, and the withdrawal of his liability for her maintenance and support, and to place her above actual destitution. Such purpose could best be accomplished by making such allowance absolute and permanent. And in accordance with this purpose has been the construction of a similar statute, which has been superseded by the law above quoted.—*Lovett v. Lovett*, 11 Ala. 663; 2 Bish. Mar. & Div. §§ 475, 477, 512, 513; *Jolly v. Jolly*, 1 Clarke, Iowa R. 9; *Whittier v. Whittier*, 11 Fost. N. H. R. 452. I therefore think that the legislature intended that the "allowance" directed to be made to the wife upon a divorce dissolving the bonds of marriage, should pass to her in absolute right as a permanent provision for her support.

The form and manner of granting the allowance in this case cannot now be inquired into or altered. Its correctness has been affirmed on appeal to this court.—*Ex parte Smith*, 34 Ala. 455; *Cole, adm'r, v. Conolly*, 16 Ala. 271; *Gibson v. Wilson*, 18 Ala. 63; *Mervine v. Parker*, 18 Ala. 241; *Johnson et al. v. Glascock et al.* 2 Ala 519. That the allowance was a sum certain, to be paid from year to year, does not change the character of the decree. This, in a decree for divorce from bed and board, is such a decree as may be susequently modified.—Shelf. Mar. & Div. p. 596, and cases there cited. But this is not such a case. Here the divorce was from the bonds of matrimony, and there can be no restoration of the conjugal relation between the parties, except by a second marriage. The reasons, then, which apply in justification of an alteration of the amount of alimony, on a divorce from bed and board, do not apply here. Most clearly the allowance in such a case as this

could not be increased on the increase of the facilities of the husband; because, the first allowance is the only one authorized by the statute, and that, when once made, must necessarily be final.—Rev. Code, §§ 2361, 2362, 2363 ; Code, §§ 1971, 1972, 1973 ; *Kensey v. Kensey*, 37 Ala. 393 ; 2 Bish. Mar. & Div. §§ 515, 516, 5i7, 518, and cases cited there. Then, as the allowance cannot be increased, for the same reason it ought not to be diminished. And the ecclesiastical rule in case of a divorce from bed and board does not apply.

The decree of the court below is therefore reversed. And this court, proceeding to render the decree which the court below should have rendered, doth order, adjudge and decree, that the injunction granted in this cause, in the court below, be dissolved, and that the complainant's bill be dismissed, and that said complainant pay the costs in this court and in the court below.