[No. 20915.    In Chambers.— April 1, 1892.]

Ex parte WILLIAM N. HART, on Habeas Corpus.

Divorce — Allowance of Alimony — Construction of Decree — Term not Specified. — A decree of divorce, for the offense of the husband, allowing alimony to the divorced wife, without specifying the period during which it is to be paid, is valid and sufficiently certain in its terms, and will be construed as intending the payment of alimony to continue during the life of the divorced wife, or until modified by the court.

Id. — Jurisdiction — Contempt. — Such a decree is within the jurisdiction of the court, and can be enforced by process of contempt.

Appeal from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Maguire & Gallagher*, for Petitioner.

*Eugene N. Deuprey*, for Respondent.

Beatty, C. J. — The petitioner is imprisoned upon a charge of contempt of court, consisting in his refusal to pay alimony awarded to his divorced wife by the decree of divorce. He contends that the imprisonment is unlawful, because, as he claims, the decree as to the order for alimony is void by reason of the fact that it does not

specify the period during which the alimony is to be paid.

As I construe the decree, it intends the payment of alimony to continue during the life of the plaintiff in the divorce suit, or until modified by the court. Such a decree the court had power to make in granting a divorce for the offense of the husband. (Civ. Code, sec. 139.) The decree is, in my opinion, sufficiently certain in its terms. It is within the jurisdiction of the court, and can be enforced by process of contempt.

The prisoner is remanded to custody.