# Sharrit v. Sharrit.

### Bill in Equity for Alimony.

1. *Alimony; what is an excessive award.*—On a bill in equity asking for alimony, where it appears that the respondent is an old man

without an income and with little capacity to earn even a living for himself, and with property whose aggregate value does not exceed seven hundred and fifty dollars, and that the complainant, while an old woman, unable to work on without property, income or earning capacity, will probably survive him, a decree allowing the complainant as permanent alimony the use and enjoyment during her life of the respondent's homestead, which constitutes four-fifths of his property, is excessive.

2. *Same; same; modification of decree.*—In such case, an award of alimony of two hundred and fifty dollars in gross, which is about one-third in value of the respondent's property, and which, by the decree, is secured by a lien on the homestead, and is to be paid within sixty days from the rendition thereof is considered just and equitable.

APPEAL from the City Court of Birmingham, in Equity.

Heard before the Hon. W. W. WILKERSON.

The appellee, Juda Sharrit, filed her bill in the city city court of Birmingham, against the appellant, H. J. Sharrit, her husband, praying for alimony. Upon the submission of the cause on the pleadings and proof, the chancellor decreed that the complainant was entitled to the relief prayed for, and rendered a decree allowing her as permanent alimony out of the estate of her husband, the use and enjoyment during her life of his homestead, a house and lot in the town of Morris, describing the same.

From this decree the respondent appeals, and assigns the rendition thereof as error. The facts of the case are sufficiently stated in the opinion.

BOWMAN & HARSH, for appellant.—The husband, while bound to provide for the wife at home, is not bound to do so elsewhere unless his conduct is such as justifies her in staying away; and the burden is on her to show such cause for her absence as would entitle her to a divorce.—2 Bishop on Marriage & Divorce, 309, §§ 358, 369; 2 Kent's Commentaries, 147; 1 Amer. & Eng. Encyc. of Law, 470; *Starkey v. Starkey*, 21 N. J. Eq. 135.

Where the bill seeks alimony only, and the evidence establishes a case for relief, the court will deal only with the income of the husband's property, and will not attempt to divest the title of any part of it, nor permanently deprive him of its use.—*Murray v. Murray*, 84

[Sharrit v. Sharrit.]

Ala. 363. Any permanent alimony in cases where it is the only relief sought is not to be given. It must be a periodical allowance and not specific.—1. Amer. & Eng. Encyc. of Law, 471; *Murray v. Murray, supra.* The alimony allowed was excessive.

JOHN D. STRANGE, *contra.*

McCLELLAN, J.—We concur with the city court that on the cause made the complainant is entitled to relief. We think, however, the alimony decreed is excessive when all the circumstances having a bearing on the amount which should be fixed are considered. The respondent is an old man without an income, and with little capacity to earn even a living for himself. A fair estimate of the value of all the property he owns would not go beyond seven hundred and fifty dollars. The complainant on the other hand is getting to be an old woman, a cripple and unable to work, without property, income or earning capacity. While respondent's treatment of her justifies the relief she prays, it is also to be borne in mind that her conduct toward him was by no means unexceptionable. The decree in effect gives her a life estate in the homestead of the respondent, which constitutes at least four-fifths in value of all his estate. It is probable that she will survive him, so that practically as between themselves the allowance is four-fifths of the respondent's estate. This is too much and leaves him too destitute. In our opinion a sum in gross equal to one-third of the value of his property will most nearly meet the ends of justice; and the decree of the city court will be here modified so as to grant her the sum of two hundred and fifty ($250) dollars in gross as alimony, directing its payment by the respondent within sixty days from the judgment in this court, and securing its payment by charging the sum upon the house and parcel of land at the town of Morris, described in the bill, as a lien thereon, and directing a sale of the same unless said sum of $250 is paid to complainant within said sixty days.

The decree of the city court as thus modified is affirmed.

Modified and affirmed.