## SMITH v. ROGERS. (7 Div. 621.)

(Supreme Court of Alabama. March 24, 1927.)

1. Divorce ☞241—Statutory allowance of permanent alimony may be made in gross, payable presently or in periodical installments during wife's life, or by combination of both methods (Code 1923, § 7419).

Under Code 1852, § 1972 (Code 1923, § 7419), providing for permanent alimony to wife obtaining divorce for misconduct of husband, allowance may be made in gross out of husband's estate, payable presently or as directed, or it may be made as for continuous maintenance, in periodical installments during life of wife, or by combination of both methods.

2. Divorce ☞245(1) — Decree for permanent alimony, whether in gross or in installments, if reserving right of control, is subject to further modification (Code 1923, § 7419).

Decree for permanent alimony, under Code 1852, § 1972 (Code 1923, § 7419), whether in gross or in installments for current maintenance, is subject to further modification if original decree reserves right of control.

3. Divorce ☞241—Executors and administrators ☞202(1)—Decree for permanent alimony in gross, without reserving control in court, is vested right surviving husband's death (Code 1923, § 7419).

Decree for permanent alimony in gross, under Code 1852, § 1972 (Code 1923, § 7419), without reservation of control in rendering court, becomes vested right from date of its rendition and survives death of husband, since it is intended to effect final determination of property rights and relation between parties, and is compensation for loss of inchoate property rights in husband's estate, and hence has effect of a final judgment for payment of money, binding on husband's estate.

4. Executors and administrators ☞202(1)— Award of permanent alimony in gross was not affected by provision that it be paid in installments, and installments due after death of husband are payable from his estate (Code 1923, § 7419).

Decree for permanent alimony in gross under Code 1852, § 1972 (Code 1923, § 7419), without reservation of control by court, is not affected by provision that award may be paid in installments, which is for convenience of husband, and death of husband before all installments are paid does not absolve him from obligation to pay through personal representative or judicial enforcement of decretal lien on his property when payments become due.

5. Executors and administrators ☞202(1)— Alimony may be declared lien on husband's property, enforceable notwithstanding husband's death.

Court in decreeing alimony may secure its payment by declaring it lien on husband's property, enforceable against property notwithstanding death of husband.

6. Executors and administrators ☞231— Wife's failure to file alimony decree as claim against husband's estate does not affect right to enforce lien for alimony after husband's death.

Right to enforce lien for alimony on husband's property after death of husband is not affected by wife's failure to file decree for alimony as claim against decedent's estate.

7. Executors and administrators ☞346—Order to sell decedent's property free from liens was abortive as respects decretal lien for alimony on property.

Order directing administratrix to sell property of decedent burdened with decretal lien for alimony and to sell it free from all liens was abortive as respects lien for alimony.

8. Executors and administrators ☞385—Decree for alimony could not be interfered with or lien thereof on husband's property changed to proceeds in hands of his administratrix.

In proceeding by administratrix of husband's estate contesting unpaid installments of alimony, court has no power to interfere with decree for alimony or hinder its collection by pro-

———

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 21 Ala. App. 639.     [2] Ante, p. 318.

cess ordered in decree itself, and lien for alimony on deceased husband's property cannot be transferred to proceeds of sale of property by administratrix.

**9. Executors and administrators ⬤⇒202(1)— Alimony secured by lien on husband's property must be paid by his administratrix when it accrues.**

Decree for alimony secured by lien on husband's property stands as mortgage on property after death of husband, to be protected and paid by his administratrix when debt accrues.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Bill in equity by Esther Joe Smith, as administratrix of the estate of J. S. Rogers, deceased, against Hattie Rogers, the divorced widow of said J. S. Rogers. From a decree on demurrer to the bill complainant appeals. Affirmed.

The bill shows substantially as follows: On May 11, 1922, in the suit of Hattie Rogers v. J. S. Rogers, a decree of divorce a vinculo matrimonii having been rendered in favor of the complainant, the circuit court of Etowah county rendered a final decree for her for $22,500 for permanent alimony in gross, $4,500 of which was payable in 30 days, and the balance in four annual installments of $4,500 each. A lien was declared on certain real estate of the husband to secure the payment of these sums, and it was ordered that, in case of default in any payment, the register proceed to sell the real estate, under appropriate process, for the collection of the money due. Three of these installments had been paid prior to the death of the husband, J. S. Rogers, which occurred on February 8, 1924. The fourth installment became due on January 1, 1925, and the fifth was to become due on January 1, 1926.

On October 6, 1924, the circuit court of Etowah county, in equity, to which the administration of the Rogers estate had been removed, "made a decree whereby she (the administratrix) was ordered to sell the west half of lot No. 174 of the original survey of the city of Gadsden for the purpose of paying the debts of said estate, and in order that said property might be sold to the best advantage it was ordered that it be sold free from all liens, and that all liens be transferred from said property to the proceeds of the sale." Pursuant thereto the sale was made on November 10, 1924, to C. E. Snead, and the sale was duly confirmed.

The bill further shows that "A large part of the income of said J. S. Rogers was derived from property in which he had only a life estate, and the income from this property ceased with his death." And, further, that said Hattie Rogers removed her residence to Tennessee after the decree for alimony was rendered, where she now lives, and that "petitioner is informed that she is to be married in that state in the near future."

The prayer of the bill is for a decree declaring that the two unpaid installments maturing after the decedent's death are not valid claims against his estate; or else that, if anything is due to be paid the respondent on that account, petitioner be advised by the court how much she should pay, and that the lien on decedent's real estate be transferred to the proceeds of property sold by her, and that the register be restrained from selling said property for the enforcement of the decree for alimony until the amount due be ascertained and complainant is given an opportunity to pay the same.

Demurrer to the bill was sustained, and complainant appeals.

Hood & Murphree, of Gadsden, for appellant.

The court had a right to order the property sold free from liens under its general equity powers and transfer liens to the proceeds of sale. 35 Cyc. 78. It was the right of complainant to apply to the court for instruction as to the claim of appellee, and have the court determine what sum, if any, should be paid. 11 R. C. L. 131. The allowance of permanent alimony to the divorced wife is intended for her maintenance and support. Morgan v. Morgan, 203 Ala. 516, 84 So. 754. The allowance of alimony terminates with the death of the husband. 2 Am. & Eng. Ency. 139; 1 C. J. 208; 1 R. C. L. 933; 19 C. J. 278.

W. J. Boykin, of Gadsden, and L. H. Myers, of Fayetteville, Tenn., for appellee.

It is the duty of the court in granting a final decree of divorce for the wife, to decree to her an allowance out of the husband's estate, taking into consideration the value thereof and the condition of his family. Code 1923, § 7418. After a decree of divorce, the amount of permanent alimony cannot be changed. Smith v. Smith, 45 Ala. 264; 1 R. C. L. 928; Code 1923, §§ 7365–7370, 7882–7966, 8261–8279.

SOMERVILLE, J. [1] With respect to permanent alimony our statute declares:

"If the divorce is in favor of the wife for the misconduct of the husband, the allowance must be as liberal as the estate of the husband will permit, regard being had to the condition of his family and to all the circumstances of the case." Code 1923, § 7419; Code 1852, § 1972.

Under this statute as always construed, the allowance to the wife may be made in gross out of the husband's estate, payable presently, or as directed; or it may be made, as for continuous maintenance, payable in monthly or other periodical installments,

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

during the life of the wife; or it may be made by a combination of both of these methods. King v. King, 28 Ala. 315; Jeter v. Jeter, 36 Ala. 391, 400; Turner v. Turner, 44 Ala. 437, 451; Smith v. Smith, 45 Ala. 264; Shelton v. Shelton, 206 Ala. 483, 90 So. 491; Morgan v. Morgan, 203 Ala. 516, 84 So. 754; second case, 211 Ala. 7, 99 So. 187; Ex parte Lavender, 207 Ala. 666, 93 So. 661; Johnston v. Johnston, 212 Ala. 351, 102 So. 709; Sharrit v. Sharrit, 112 Ala. 617, 20 So. 954. It has also been held that specific property may be awarded to the wife, by way of permanent alimony, and the title vested in her by decree of the court. Coffey v. Cross, 185 Ala. 86, 64 So. 95.

[2] In Smith v. Smith, 45 Ala. 264, in construing this statute (Code 1867, § 2361), it was soundly observed that:

"This 'allowance' to the wife is not, in fact, alimony, in the sense of the ecclesiastical law of England; but it is more strictly an arrangement in lieu of a division of the estate of the parties."

It was there held that the statute intended that the "allowance" should pass to the wife "in absolute right as a permanent provision for her support," and that it could not be afterwards modified by judicial decree. By the later cases, however, it has been firmly established that a decree for permanent alimony, whether in gross or in installments for current maintenance, is subject to future modification if the original decree in terms reserves the right of control. Jones v. Jones, 131 Ala. 443, 31 So. 91; Ortman v. Ortman, 203 Ala. 167, 168, 82 So. 417; Morgan v. Morgan, 203 Ala. 516, 84 So. 754. But "except for reservation in the decree or express statutory authority the court has no power to alter the decree." Morgan v. Morgan, 211 Ala. 7, 99 So. 185; Mayer v. Mayer, 154 Mich. 386, 117 N. W. 890, 129 Am. St. Rep. 477, 19 L. R. A. (N. S.) 245; Livingston v. Livingston, 173 N. Y. 377, 66 N. E. 123, 61 L. R. A. 800, 93 Am. St. Rep. 600; 1 R. C. L. 946, § 92; 19 Corp. Jur. 269, § 616.

As declared in Smith v. Smith, 45 Ala. 264, 268, the "allowance" contemplated by our statute is something more than a mere substitute for the current maintenance and support normally due from the husband to the wife during their joint lives and the continuance of the marriage relation. This is confirmed by our decisions which have adopted as a standard basis for estimating the allowance, subject, of course, to various qualifying circumstances, the approximate value of the wife's interest in the husband's estate if she were his surviving widow. Jeter v. Jeter, 36 Ala. 391, 401; King v. King, 28 Ala. 315.

In accord with this theory of the nature of permanent alimony, especially where awarded in gross, it is said that:

"The amount of the allowance ordinarily varies from one half of the husband's estate to a third, or even less, although it would seem that where the wife is entitled to alimony and he is possessed of an estate, it would be improper under any circumstances to give her less than what her dower interest therein would have been, for the reason that he should not be allowed to profit by his own wrong." 1 R. C. L. 930, § 77.

An examination of the decree in this case shows unmistakably that the rendering court reserved no control over its amount or its future enforcement. On the contrary, all orders were final and conclusive, reserving nothing to the court—quite different from the orders in Jones v. Jones, 131 Ala. 443, 31 So. 91, and Ortman v. Ortman, 203 Ala. 167, 82 So. 417.

Unquestionably, a decree for permanent alimony, without reservation of control by the rendering court, is a vested right. The question here presented is whether the death of the husband tolls his obligation to pay unmatured installments of alimony decreed, without reservation of control, to be paid in gross, in directed installments.

We need not, and do not, consider what the rule would be where the decree is for periodic payments for an indefinite period, for the current support of the wife. The decisions differ in the various jurisdictions, dependent upon variant statutory provisions, or variant theories as to the nature of alimony, or upon the terms of the decree itself. Storey v. Storey, 125 Ill. 608, 18 N. E. 329, 1 L. R. A. 320, 8 Am. St. Rep. 417; Wilson v. Hinman, 182 N. Y. 408, 75 N. E. 236, 2 L. R. A. (N. S.) 232, 108 Am. St. Rep. 820; Ex parte Hart, 94 Cal. 254, 29 P. 774; Gunderson v. Gunderson, 163 Minn. 236, 203 N. W. 786; Pingree v. Pingree, 170 Mich. 36, 135 N. W. 923; 1 R. C. L. 933, § 80; 19 Corp. Jur. 278, § 633.

[3] But, on principle, there is no escape from the conclusion that a decree for alimony in gross, if without reservation, becomes a vested right from the date of its rendition and survives the death of the husband. Differing from a mere periodic allowance for current and continuous support, it is intended to effect a final termination of the property rights and relations of the parties, and is an approximate appraisal of the present value of the wife's future support, and, in a measure, a compensation for her loss of inchoate property rights in her husband's homestead and other estate, given to her by statute in case of her survival. Smith v. Smith, 45 Ala. 264, 268; Jeter v. Jeter, 36 Ala. 391, 401, 402; Winslow v. Winslow, 133 Tenn. 663, 182 S. W. 241, Ann. Cas. 1917A, 245; Martin v. Martin, 195 Ill. App. 32; 19 Corp. Jur. 266, § 613. The decree therefore has the effect of a final judgment for the payment of money, and

is as binding upon the estate of the husband as upon himself while living.

[4] The fact that the decree allows the award in gross to be paid in installments does not change its nature or effect. Smith v. Smith, 45 Ala. 264, 268. The decree in this case might have been for the present payment of the whole amount. The concession of payment in five installments was for the convenience and benefit of the husband merely, and the chance circumstance of his death before all were paid cannot in justice or reason absolve him from the obligation to pay, through his personal representative, or through the judicial enforcement of the decretal lien fastened on his property, when and as the deferred payments became due.

[5, 6] It was long ago settled in this state, as in most if not all of the others, that the court in decreeing alimony might secure its payment by declaring it a lien on the husband's property. Jeter v. Jeter, 36 Ala. 391, 403; Sharrit v. Sharrit, 112 Ala. 617, 20 So. 954. This lien is enforceable against the property upon which it is fastened, notwithstanding the death of the husband; and the right to thus enforce the lien is not affected by the wife's failure to file the decree for alimony as a claim against the decedent's estate. Duval's Heirs v. McLoskey, 1 Ala. 738, 745; Locke v. Palmer, 26 Ala. 312; Flinn v. Barber, 61 Ala. 530; George v. George, 67 Ala. 192, 195.

[7, 8] The order made by the trial judge, in the course of the administration of the decedent's estate, directing the administratrix (this complainant) to sell property of the decedent which was burdened with the decretal lien for alimony, and to sell it free from all liens, was of course abortive so far as this lien is concerned. Nor has the court in this proceeding the power to interfere with the decree for alimony, or to hinder the register from collecting the balance due thereon by the appropriate process ordered in the decree itself. On the same principle, the court is without power to transfer that lien from the property on which it was fastened to the proceeds of sale in complainant's hand as administratrix and so discharge the property from the lien.

[9] And, finally, no reason is apparent why the trial court should retain the bill (or petition, as it is called) for the purpose of advising the administratrix whether she should or not pay the unpaid balance of the alimony; for, whatever the advice might be, it would have no influence upon the rights of this respondent to proceed under her decree. The lien stands as though it were a mortgage on the property, and, being a valid lien, it would seem to be the duty of the administratrix to protect the estate by payment of the debt it secures.

We therefore hold that the petition is without equity, and the demurrer was properly sustained.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.