Frank M. McKey, Trustee of the Estate of Marguerite
T. Willett, Bankrupt, Appellant, v. Marguerite T.
Willett, Appellee.

Gen. No. 32,295.

Opinion filed May 8, 1928.

ARTHUR C. J. CHITTICK, CHAUNCEY L. BLANKENSHIP,
GUY C. BALTZ and SIDNEY N. WARE, for appellant;
ARTHUR C. J. CHITTICK, of counsel.

JOHN J. MCMAHON, for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the
court.

This is an appeal by Frank M. McKey, trustee of the
estate of Marguerite T. Willett, bankrupt, from an
order of the superior court, entered June 27, 1927, in
a cause entitled, "Marguerite T. Willett v. Walter D.
Willett," wherein the court found that the assignment
of alimony executed by Mrs. Willett to McKey, as trus-
tee, etc., on February 18, 1926, in the sum of $6,000,

which was to become due to her from Walter Willett, as alimony under a former decree, entered June 13, 1924 (viz, $2,000 to become due on June 13, 1926, $2,000 on June 13, 1927, and $2,000 on June 13, 1928), was void and of no legal effect and that there was due and payable to Mrs. Willett the sum of $4,000, as arrears in alimony under the decree, and ordered that said Walter Willett pay to her said sum *instanter*.

On November 25, 1921, Marguerite Willett obtained a decree of divorce from Walter Willett. On June 13, 1924, by agreement of the parties, a former order as to alimony was modified by a new order or decree, reading as follows:

"That the said Walter D. Willett, in settlement of all and every claim of every nature whatsoever that the said Marguerite T. Willett has or may have against said Walter D. Willett pay to the said Marguerite T. Willett as follows, to-wit:

"The sum of Five Hundred ($500.00) Dollars on the entry of this order of record; the sum of Seven Thousand ($7,000.00) Dollars within ten days from the entry of this order; the sum of Two Thousand ($2,000.00) Dollars within one year of the date of the entry of this order; the sum of Two Thousand ($2,000.00) Dollars within two years from the date of this order; the sum of Two Thousand ($2,000.00) within three years from the date of this order; the sum of Two Thousand ($2,000.00) Dollars four years from the date of entry of this order; and also the further sums to-wit, of One Hundred ($100.00) Dollars on the first day of each and every month from the date of the entry of this order, during the lifetime of the said Marguerite T. Willett, or in the event of the marriage of the said Marguerite T. Willett, then until the time of said marriage; and, also, that the said Marguerite T. Willett receive the said several sums in lieu of all claims of every kind and nature that the said Marguerite T. Willett has or may have against said Walter D. Willett;

and the said Marguerite T. Willett is hereby barred from presenting other claims, rights, privileges of every kind and nature, (pursuant to her stipulation) and her stipulation that same may at any and at all times and places be pleaded in full settlement and bar, is hereby confirmed and approved.''

On March 23, 1927, on petition of Mrs. Willett, the court entered a rule upon Walter Willett to show cause why he should not be punished for contempt for failure to pay to her the second instalment of $2,000, due on June 13, 1926. He answered the rule and also, by leave of court, filed a supplemental bill in the nature of a bill of interpleader, making Frank M. McKey, trustee, etc., a party to the bill. He alleged in substance that he was ready and willing to pay said sum of $2,000, but did not know to whom it should be paid; that Marguerite Willett, pursuant to her voluntary petition in bankruptcy filed in the United States District Court for the Northern District of Illinois on December 30, 1925, was adjudged a bankrupt in January, 1926, and that McKey, who had qualified as trustee of the bankrupt estate, was demanding payment to him of said sum of $2,000, as well as the payment when due of the other two sums of $2,000 each, due respectively on June 13, 1927, and June 13, 1928. In McKey's answer to the bill he alleged that as trustee he had become vested with all the assets of the bankrupt estate; that the only assets coming to his sight or knowledge were said Willett's obligations to pay to the bankrupt said three sums of $2,000 each, as and when they became due; that on February 16, 1926, Mrs. Willett in writing had assigned to him as trustee all her right, title and interest in and to said three sums; that thereafter he (McKey) had demanded of Walter Willett the payment of said sums and had threatened to bring suit to collect the same, and that he based his claim not only upon said assignment but also upon the fact that he was the duly qualified and acting trustee of the

bankrupt estate. In Mrs. Willett's answer to the bill, while admitting the making of the assignment, she alleges that it is of "no legal effect"; that said three sums of money are payable to her "for her sole use for support and maintenance"; that the same "are not assignable and do not constitute a vested interest or property right," and that McKey, as trustee, has no valid interest therein.

In June, 1927, a hearing was had upon a stipulation as to the facts, substantially as outlined, and at the conclusion of the hearing the court entered the order appealed from, as first above mentioned.

The main question involved is one of law and is, whether the right or title to said three unpaid sums of $2,000 each became vested in McKey, as trustee of the bankrupt estate of Mrs. Willett. And we are of the opinion that, if the award of alimony under the modified decree above mentioned is one "in gross," it must be so held.

There is a well-recognized distinction, under decisions in Illinois and elsewhere regarding awards of alimony, between those "in gross" and those where periodic payments (monthly, quarterly or yearly) are ordered made to the wife within the joint lives of the parties or until the wife remarries. In *Plotke v. Plotke*, 177 Ill. App. 344, 347, it is said: "It was held in *Plaster v. Plaster*, 47 Ill. 290, that where the decree awards a sum in gross for, or in lieu of alimony, such a decree will be regarded as final and the gross sum, when paid, will operate as a discharge and satisfaction in full for all claim for future support of the wife. * * * But where the provision for alimony in the decree takes the form of a weekly, monthly or yearly allowance, the power is expressly reserved by this statute (section 18, Divorce Act, Cahill's St. ch. 40, ¶ 19) to modify such a provision of the decree at any time, according to the varying circumstances and needs of the parties * * *, whether so expressed in the

decree or not." (See, also, *Plaster v. Plaster, supra,* p. 294; *Shaw v. Shaw,* 59 Ill. App. 268, 270; *Griswold v. Griswold,* 111 Ill. App. 269, 278.) And it is the law that "where a sum in gross is allowed, it may be made payable in instalments." (19 C. J. 261, § 608; *Winemiller v. Winemiller,* 114 Ind. 540, 541; *Bassett v. Waters,* 103 Kan. 853, 855.; *Smith v. Rogers,* 215 Ala. 581, 112 So. 190, 192.) Under the terms of the modified decree as to Mrs. Willett's alimony as entered in the present case on June 13, 1924, there was awarded to her a gross sum settlement of $15,500, payable in the instalments as specified in the order, and there also was awarded to her the additional sum of $100 monthly, payable as long as she lived or until she remarried, and it was stated in the order that said awards were to be "in settlement of all and every claim of every nature whatsoever" that she had or might have against her former husband, Walter Willett, and that she "is hereby barred from presenting other claims, rights, privileges of every kind and nature." And of this gross sum settlement of $15,500, the three yet unpaid sums of $2,000 each were a part. And we think that the right or title to said sums, as well as the other sums making up said aggregate sum of $15,500, vested in Mrs. Willett immediately upon the entry of said decree of June 13, 1924. (*Dinet v. Eigenmann,* 80 Ill. 274, 279; *Leutzinger v. McNeely,* 216 Mo. App. 699, 704; *Smith v. Rogers, supra.*) In the *Dinet* case it appears that Mrs. Dinet filed a bill for divorce against her husband, Joseph Dinet, in 1870; that in May, 1872, a decree for divorce in her favor was entered; that in August, 1872, Joseph Dinet was ordered to pay to her as and for alimony the sum of $10,000 on or before July 1, 1873, and the further sum of $2,000 per year, in quarterly instalments, during her life; that in December, 1872, she died, and the administrator of her estate sought to collect of Joseph Dinet the $10,000, and that Joseph Dinet in resisting

such collection took the position that because she had died before the sum became due the right or title thereto had not become vested in the administrator. The court held to the contrary, saying (p. 279):

"The decree for a divorce was passed and the bonds of matrimony were dissolved several terms before the decree for alimony was enrolled. During this interval, and when this decree for alimony was rendered, the relation of husband and wife had ceased, and none of the rights of that relation continued. The legal liability of the husband for alimony was in the nature of an obligation or duty to a stranger. It was a duty imposed by the statute upon him to contribute to the support of the divorced wife; and when the amount was ascertained and fixed, the right to the money became vested and as fully fixed as had the money been paid or the husband had given his note for the amount. The husband could not resume it, nor did he became entitled to it on her death. It was absolutely the wife's, and went to her representatives precisely as would any other money decree against any other person. It, then, follows that her executor or administrator had the right to proceed and collect it in the same manner that any other decree could be enforced after the death of the person in whose favor it was rendered."

Section 70a of the present Bankruptcy Act provides in part that "the trustee of the estate of a bankrupt, upon his appointment and qualification, * * * shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt, to all * * * (5) property which prior to the filing of the petition he could by any means have transferred, or which might have been levied upon and sold under judicial process against him," etc. To this section, and particularly the clause relating to property which the bankrupt "could by any means have trans-

ferred,'' the courts have given a broad interpretation. In 3 Remington on Bankruptcy (1923 Ed.), section 1194, it is said: ''The broadest possible scope is given to this class 5 of assets. Not only is 'transfer' a word of widest content by the definition of the Bankruptcy Act itself, including all possible interests of the bankrupt in property, but also in class 5 of assets it is further provided that such interests pass if 'by any means' they can be made to pass.'' In 2 Collier on Bankruptcy (1921 Ed.), p. 1130, it is said: ''It was evidently intended by the word 'property' as used in subdivision 5 to include in the term every vested right or interest attaching to or growing out of property. * * * It includes everything that can properly be the subject of a lawful transfer, whether it be corporeal or incorporeal.'' In Black on Bankruptcy (1922 Ed.), section 318, p. 714, it is said: ''Transferability is in general the test of the title of the trustee in bankruptcy under this provision of the Act. And any interest of a bankrupt in property or a fund which he could by any means have transferred passes to his trustee, although it may not have been subject to seizure on execution against him.''

In view of the pleadings and the stipulation of facts in the present case and in the light of adjudicated cases, we are of the opinion that at the time Mrs. Willett was adjudged a bankrupt, and McKey became the trustee of the bankrupt estate, her right or title to said three sums of $2,000 each passed by operation of law to said McKey, as such trustee, and that the superior court erred in entering the order appealed from. It is clear under the decision in the *Dinet* case, *supra,* that, had Mrs. Willett died on December 30, 1925, instead of filing a voluntary petition in bankruptcy, her right or title to said three sums would have passed to the administrator of her estate. And we see no good reason, under the facts disclosed, why her vested interest in said three sums, after she had filed her vol-

untary petition in bankruptcy and had been adjudged a bankrupt, did not pass to McKey, the duly qualified trustee of her bankrupt estate. In 2 Amer. & Eng. Encyc. of Law (2nd Ed.), p. 1017, it is said: "The general test to be applied in determining the assignability of a chose in action is whether or not it would survive and pass to the personal representative of a decedent. If it would so survive, it may be assigned so as to pass an interest to the assignee which he can in most jurisdictions enforce in his own name." (See *Leonard v. Springer,* 174 Ill. App. 516, 526.)

The order of the superior court of June 27, 1927, is reversed, and the cause is remanded with directions to that court to enter an order directing Walter D. Willett to forthwith pay to Frank M. McKey, as trustee in bankruptcy, said sum of $4,000 now due from said Willett, and further directing said Willett, on June 13, 1928, to pay the additional sum of $2,000 to said McKey, as trustee, etc.

*Reversed and remanded with directions.*

BARNES, P. J., and SCANLAN, J., concur.