Ulmer vs. Austill.

ULMER vs. AUSTILL.

1. Commissioners appointed to take the testimony of an absent witness, act under the authority of the court, and are invested with power to administer the necessary oath, and their certificate that such oath has been administered, is *prima facie* evidence of the fact, and must be conclusive; unless it be shewn that they have disregarded their duties, or violated the trust reposed in them.

2. The action of the commissioners, to be effectual as an execution of delegated authority, must be within the period designated in the notice given under the directions of the clerk.

3. The party praying the commission, must give notice to the adverse party, of the time and place ordered by the court, judge, justice or clerk, when and where the commission is to be executed.

4. The party wishing to take the deposition, cannot extend the time to more than one day: but if the commissioners are unable to conclude the examination, *they* may continue it from day to day.

5. Where a day is fixed for taking a deposition, the opposite party need attend only on that day.

6. The acknowledgment of service of the notice of the examination of the witness, imposes no obligation on the adverse party, which would not arise from its execution by an authorised officer.

Error to Dallas County court.

*Indebitatus assumpsit.* The questions which arose in this case, were confined to the execution of a commission to examine an absent witness.

At the trial of this cause, before the County court of Dallas, the plaintiff offered to read in evidence, the depo-

sition of a witness, taken under the third section of the act of the twenty-third of December, eighteen hundred and thirty-seven. The clerk of the County court made an order on the back of the commission, that the party applying for it should give the defendant, or his attorney, ten days notice of the time and place when and where it was to be executed. Notice was given on the seventh of May, that the commission would be executed at the office of R. E. B. Baylor, in Mobile, on the third Monday of May, eighteen hundred and thirty-eight, between the hours of nine A. M. and six P. M.—if not on that day, be-·tween the same hours on any of the three next succeeding days. This notice was in writing, and its service acknowleged by the defendant's attorney. The commission was executed at the proper place, between the hours of nine A. M. and six P. M., on the twenty-fourth day of May, eighteen hundred and thirty-eight, the twenty-first of the month being the third Monday. The caption of the deposition, states the commissioners named in the commission, in pursuance of it, had caused the witness to come before them, at the time and place before named, he being of lawful age, and first duly sworn : then follows the deposition, to which is appended the following oath:

"The State of Alabama, Mobile county and city, ss.

"This day personally appeared before me, Charls A. Henry, a justice of the peace in and for the county and city aforesaid, Nathaniel J. Mussie, [the witness,] whose name was signed in my presence to the within deposition, and made oath that the facts contained in such deposition are true, so far as they came within his own

Ulmer *vs.* Austill.

knowledge, and he believes them to be true, so far as derived from others.                    NATH'L J. MUSSIE.

"Sworn to and subscribed before me, this 24th May, 1838.                    CHARLES A. HENRY, J. P."

The comissioners then certify what was previously stated in the caption, as to the time and place of execution, and that the witness was duly sworn, and subscribed his name to the deposition in their presence.

To the reading of this deposition, the defendant objected, on the following grounds:

1st. That the notice of taking of the said deposition, was not such as is required by law.

2dly. That the deposition ought to have been taken on the third Monday in May, eighteen hundred and thirty-eight, which was the twenty-first day of said month, and not on the twenty-fourth day of said month, as stated in the caption.

3dly. Because it did not appear from the certificates annexed, [to the deposition,] that the witness was sworn according to law, to give evidence. The County court overruled the objection, and admitted the deposition, to which the defendant excepted. A judgment being rendered against him, he now prosecutes his writ of error to this court, and seeks its reversal, on account of the supposed error, in admitting the deposition.

*J. B. Clark,* for the plaintiff in error.
*Phillips,* contra.

GOLDTHWAITE, J.—The last objection taken to the deposition, will be first examined.

It is, by no means, improbable that the oath which is signed by the witness, and certified by the justice of the peace, was the only one taken by him. This, if so, would be sufficient to exclude his testimony, as that is not the oath which the law requires to be administered; but the court below was not authorised to arrive at such a conclusion, in opposition to the certificate of its commissioners. They state that the witness was duly sworn, and it may be, that another and a legal oath was administered to the witness, by them, or in their presence. The commissioners appointed to take the testimony of an absent witness, act under the authority of the court; they are its officers, and by it, are invested with authority to administer the necessary oath; their certificate that such oath has been administered, is *prima facie* evidence of the fact, and must be conclusive, unless it is clearly shewn, that they have disregarded their duties, or violated the trust reposed in them. As nothing of this kind was made to appear by extrinsic evidence, and as it cannot be inferred from their return to the commission, the deposition is not obnoxious to objection on this account.

The other objections, depend on the construction of the act of assembly, prescribing the manner of taking the depositions of absent witnesses. Oath being made to any judge, justice, or clerk of the court, wherein the suit is depending, of the existence of a cause, for which a deposition is allowed to be taken, such judge, justice, or clerk, is empowered to issue a commission, to one or more persons, to take and receive the deposition of the witness. The party praying the commission, is to give

Ulmer *vs.* Austill.

such notice to the adverse party, of the time and place, when and where such comission is to be executed, as the court, judge, justice or clerk shall think proper : and the adverse party shall have liberty to cross-examine any witness whose deposition shall be so taken—(Aik. Dig. 126, s. 1.)

In the present case, the commission does not instruct the commissioners as to the time within which they are to cause the witness to come before them ; they are empowered to act generally, but their action, to be effectual as an execution of the delegated authority, must be within the period designated in the notice given under the directions of the clerk.    It is obvious, if the party wishing to take the deposition, can extend the time to more than one day, then the designation of time, might be of no benefit to the adverse party, as the information that the action of the commissioners would take place on any day of a particular *month* or *week*, in most cases would be purely vexatious.

We do not wish to be understood as intimating that the course pursued in this case was unreasonable or vexatious ; on the contrary, we think such a practice would be highly convenient, if authorised by the act, as it would frequently save parties the trouble of suing out a new commission, or giving a second notice, when disappointed in the attendance of his witnesses on the day named.    The designation of *place*, is not more specific in the notice required, by law, than of *time;* yet, none would suppose a notice sufficient, which designated more than *one* place of executing the commission.

The adverse party was informed, that this commission

9 P                    21

Ulmer *vs.* Austill.

would be executed on the third Monday of May, and if the deposition was not then taken, it would be, on any of the three next succeeding days. He was bound to attend alone on the day first named, as the designation of the others was unauthorised, either by the act of assembly or the order of the clerk. If the commissioners found themselves unable to conclude the examination on the day named, their authority for that cause, would not have ceased, but they might have continued the examination from day to day until finally closed.

The acknowledgment of service of the notice, imposed no obligation on the party or his attorney, which would not have arisen from its execution by an authorised officer. The party had no means in his power, of restraining any action under the commission directed by the plaintiff, and his only course was to attend to the examination, if made on the appointed day.

We have not thought it important to advert to the decision cited from Haywood, (Kennedy vs. Alexander, 1 vol. 25,) because the statute under which that court acted, is not given by the reporter, and we are unable to judge how far it corresponds or differs from our own,—but if made with reference to one similar in terms, we could not yield our own convictions to a *nisi prius* adjudication.

Let the judgment be reversed and remanded.