# Sessoms Grocery Co. *v.* International Sugar Feed Company.

*Assumpsit.*

(Decided November 7, 1914. 66 South. 479.)

1. *Courts; Jurisdiction; Non-Residents.*—One who claims a right of action for damages against a non-resident must sue for same in the state of the residence of such non-resident. unless, without a fraud on the law, he can obtain service upon such non-resident in this state, by process of attachment, or some other legal way.

2. *Same; Grounds; Fraud.*—Where a resident who claims a right of action against a non-resident for breach of an agreement of sale, ordered a carload of food stuffs from such non-resident with the

[Sessoms Grocery ·Co. v. International Sugar Feed Company.]

ostensible purpose of paying for it in cash upon its arrival in this state, and such carload of·food stuff was shipped with bill of lading attached, and instead of paying. said draft, the said consignee brought action against said non-resident, and attached the contents of the car, this was such a breach of faith as to deny to the consignee the right to litigate its claim in this state, as courts will not lend their jurisdiction to those seeking to obtain it by a fraud upon the law.

3. *Sales; Passing Title; Order Notify.*—Goods shipped with bill of lading attached, order notify, remain the property of the seller after they have reached the station of the buyer until the draft is paid which is attached to the bill of lading.

4. *Appearance; Waiver of Jurisdiction.*—Where the resident plaintiff could not maintain its action because of a breach of faith amounting to a fraud upon the law, an appearance by defendant to contest the jurisdiction of the court did not waive the rights set up in the plea.

APPEAL from Andalusia City Court.

Heard before Hon. ED T. ALBRITTON.

Assumpsit by the Sessoms Grocery Company against the International Sugar Feed Company. Judgment for defendant on the pleadings, and plaintiff appeals. Affirmed.

The writ of attachment was sued out by the Sessoms Grocery Company and levied upon a car load of food-stuff shipped to it by the International Sugar Feed Company from the state of Tennessee to Andalusia in the state of Alabama, "order notify, Sessoms Grocery Company." The plaintiff filed a complaint, alleging damages for breach of agreement of sale, and also containing the common counts. Defendant appeared specially and interposed a plea to the jurisdiction of the court, setting up the facts above stated and alleging that defendant was a non-resident, and that plaintiff ordered said car of foodstuff shipped into the state of Alabama for the purpose of levying such attachment upon the same, and thereby acquiring service upon this defendant for the purpose of enforcing the damages set forth in the complaint, also further alleging that such foreign corporation had not been served by any process which would authorize jurisdiction except the levying of this attach-

ment, and demanding that the issues presented by the foregoing plea, and such other pleas as may arise in this case, shall be tried by a jury. The plaintiff moved to strike the plea for reasons set out, and, the same being overruled, filed demurrers to the plea, which were also overruled. Plaintiff then filed a general replication and special replications admitting want of service personally, or upon any authorized agent of defendant in this case, but setting up the affidavit, the writ of attachment, and the levy of the same upon the car load of stuff after it arrived in Alabama, and publication in accordance with the statute in such cases made and provided. Demurrers were sustained to these special replications, and plaintiff declines to plead further, and appeals.

POWELL & ALBRITTON, for appellant. The court erred in its rulings on the pleadings to the injury of appellant. —2 Enc. P. & P. 620-1.

PARKS & PRESTWOOD, for appellee. The appearance and plea was not a waiver of a right to question the jurisdiction of the court.—*Pullman P. Car Co. v. Harris,* 122 Ala. 149. The service was void because amounting to a fraud on the law, and the court acquired no jurisdiction of the non-resident defendant.—4 Cyc. 574; 32 Cyc. 448-556; *Pomeroy v. Parmlee,* 74 Am. Dec. 328; 5 Cent. Dig. 414; *Ex parte Hearn,* 92 Ala. 110; 137 U. S. 98; 29 Am. Dec. 218.

DE GRAFFENRIED, J.—The International Sugar Feed Company is a non-resident. The Sessoms Grocery Company is a resident of this state. Both parties appear to be merchants, and the Sessoms Grocery Company claims that it possesses a right of action for damages against the International Sugar Feed Company. If so, it must sue the International Sugar Feed Company

in the state of its residence unless, without a fraud upon the law, it can, either by process of attachment or in some other legal way, obtain service—or that which is regarded as tantamount to service—upon said Sugar Feed Company in this State.

Our courts will not, either by process of attachment or by summons, lend jurisdiction to those who seek to obtain it by a fraud upon the law. Our courts are open to litigants, but those who come into them must come into them in an open fashion. Those who undertake to enter them through a fraud upon the law will be denied admittance.—*Ex parte Hurn,* 92 Ala. 102, 9 South. 515, 13 L. R. A. 120, 25 Am. St. Rep. 23; *Cunningham & Son v. Baker, Peterson & Co.,* 104 Ala. 160, 16 South. 68, 53 Am. St. Rep. 27; *Steele v. Boyd,* 6 Leigh (Va.) 547, 29 Am. Dec. 218; *Steele v. Bates,* 2 Aikens (Vt.) 338, 16 Am. Dec. 720; *F. & M. Construction Co. v. Fitzgerald,* 137 U. S. 98, 11 Sup. Ct. 36, 34 L. Ed. 608; *Van Horn v. Great Western Mfg. Co.,* 37 Kan. 523, 15 Pac. 562; *Pomroy v. Parmless,* 9 Iowa, 140, 74 Am. Dec. 328.

We think that the pleadings in this case show that the relations of the Sessoms Grocery Company to the car of foodstuff upon which the attachment was levied were such as to preclude it from levying its attachment upon it. This car of foodstuff was ordered by the Grocery Company from the Sugar Feed Company ostensibly with the purpose of paying for it in cash upon its arrival at Andalusia. The car was shipped at the request of appellant upon "order notify," and we take it that this means that the car was shipped with bill of lading attached to a draft for the agreed price of the foodstuff, and that, when the car reached Andalusia, the title to its contents still resided in appellee. It may be that appellee solicited this order from the appellant, but it is plain from all of the pleadings that when the car was shipped,

it was the understanding on the part of the appellee—from all that had been said and done pending the nego-tiations—that the draft, upon the arrival of the car in Andalusia, would be paid in cash. The appellant *must* have known that, upon the faith of *that specific* under-standing, this car was shipped, *pursuant to its order,* by appellee from the state of Tennessee to Andalusia, Ala. Instead of paying the draft, however, the appellant *attached the contents of the car.* The appellant cannot be permitted to use this breach of faith on its part as the means of litigating in this state with appellee the validity of its alleged right of action against the appel-lee.

(3) The appearance of the appellee in this case was for the purpose of challenging the jurisdiction of the court, and its appearance did not waive or impair that right. In other words, the appellee did not, by anything it did, voluntarily submit itself to the jurisdiction of the court, and it cannot be held to have waived the rights which it set up in its plea.—*Grigg, Adm'r v. Gilmer,* 54 Ala. 425.

The rulings of the trial court were in accordance with the above views, and the judgment of the court below is affirmed.

Affirmed.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.