[Farrell v. Farrell.]

# Farrell *v.* Farrell.

### Divorce.

(Decided April 6, 1916.  71 South. 661.)

**Divorce; Alimony; Amount.**—Where the wife secured a divorce from her husband because of cruelty, although not entirely free from fault herself, and the husband was a strong, healthy man, forty-eight years old, successful in business, with a personal estate of $5,000.00 or more, an award of $1,200.00 permanent alimony, with $100.00 attorney's fees is not excessive.

APPEAL from Madison Chancery Court.

Heard before Hon. JAMES E. HORTON, JR.

Bill by J. R. Farrell against Lucy Farrell, for divorce, with cross-bill seeking alimony. From the decree granting alimony and attorney's fees, complainant appeals. Affirmed.

DOUGLAS TAYLOR, and CLARENCE L. WATTS, for appellant. BETTS & BETTS, for appellee.

GARDNER, J.—Appellant filed the original bill in this cause, seeking a decree of divorce from bed and board because of cruelty on the part of his wife, as authorized by Code, § 2809. Appellee made her answer a cross-bill and sought an absolute divorce from the bonds of matrimony on the ground of cruelty. Upon submission of the cause for final decree, the chancellor dismissed the complainant's bill and granted the relief prayed in the cross-bill, thus divorcing the parties absolutely, and awarded to the wife the sum of $1,200 as permanent alimony and $100 as her attorney's fee, the amount agreed upon by counsel. In his opinion, which accompanies the decree, the chancellor discusses the evidence in the case, and concluded that: "While the wife may not be entirely free from fault, a consideration of the situation of the parties, the delicate condition of the wife, the health and strength of the husband, and of the acts and conduct of the husband and his children toward his wife, inclines the court to the opinion that the charges of cruelty against the husband by the wife have been made out and that she should be granted relief, notwithstanding her own derelictions."

[Farrell v. Farrell.]

Appellant was a widower 48 years of age at the time of this marriage, the father of six children, five of whom resided with him; and appellee was a widow 31 years of age, the mother of two small children. The record is convincing that it was an ill-starred match. The parties were married in June, 1914, and the original bill in this cause was filed in August, 1915. It would serve no useful purpose to discuss this rather voluminous record, and thus place in permanent form the details of this unfortunate family relation. Suffice is to say the evidence has been given careful consideration, and we are persuaded that the chancellor reached the correct conclusion as summarized in the above-quoted statement from his opinion.

The question of alimony has also been carefully considered, and due consideration given to the fact that from the evidence we find the wife not entirely free from fault.—*Jones v. Jones,* 95 Ala. 443, 11 South. 11, 18 L. R. A. 95. The chancellor in his opinion states as his conclusion that the value of the complainant's personal estate equals or exceeds $5,000. We are led to the conclusion that this is a rather conservative estimate, and that doubtless its value exceeds that amount. His real estate does not exceed $500 in value, but he does not appear to be indebted. It further appears from the record as well established that the appellant is a strong and healthy man, industrious, and more or less successful in his business affairs. His earning capacity is to be taken into consideration.—*Johnson v. Johnson,* 195 Ala. 641, 71 South. 415. The exhibit to his testimony, showing his bank account, gives some idea of the volume of business transacted by him, disclosing deposits of $19,000 in a period of less than one year.

Upon mature consideration, we see no sufficient reason for a modification of the decree of the chancellor with respect to the amount of alimony and the amount of attorney's fee.—*Jeter v. Jeter,* 36 Ala. 401; *Turner v. Turner,* 44 Ala. 438; *King v. King,* 28 Ala. 315; *Sharit v. Sharit,* 112 Ala. 617, 20 South. 954; 1 Rul. Cas. Law, §§ 77, 78. We are therefore of the opinion that the decree of the court below should not be disturbed, and it is accordingly affirmed.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.