(90 South. 491)

**SHELTON v. SHELTON. (6 Div. 408.)**

(Supreme Court of Alabama. Oct. 20, 1921.)

Divorce ⬾240(5)—$4,000 alimony held excessive, by $1,500.

Where wife, aged 31 and without property, obtained divorce for husband's cruelty, and was awarded custody of four minor children, the oldest of whom was under 15 years, and husband was 36 years of age, with no one else dependent on him, and owned a farm worth $7,500 and $2,200 of personal property, and his indebtedness was $1,000, an award of $4,000 alimony was excessive, and would be reduced to $2,500, in view of the fact that alimony awarded is not subjected to the maintenance of the minor children.

Appeal from Circuit Court, Blount County; Woodson J. Martin, Judge.

Bill by J. Wash Shelton against Susie May Shelton for divorce, and bill by Susie May Shelton against J. Wash Shelton and another for divorce, alimony, and other purposes. From a decree denying relief to J. Wash Shelton under his bill, and granting relief to Susie May Shelton under her bill, J. Wash Shelton appeals. Modified, corrected, and affirmed.

Russell & Johnson, of Oneonta, and John A. Lusk & Son, of Guntersville, for appellant.

The court erred in granting alimony in gross, without making it the duty of the wife to support the children. 49 South. 998; 9 R. C. L. 296; 132 Ga. 712, 64 S. E. 1092, 131 Am. St. Rep. 229. The amount allowed is greatly excessive. 113 Ala. 319, 21 South. 34; 36 Ala. 391; 44 Ala. 447; 196 Ala. 167, 71 South. 661; 54 Colo. 57, 129 Pac. 226, 44 L. R. A. (N. S.) 998. The alimony should have been kept under the control of the court. 203 Ala. 167, 82 South. 417; 200 Ala. 489, 76 South. 431; 199 Ala. 228, 74 South. 338. Attorney's fees were not allowed as a matter of right. 198 Ala. 225, 73 South. 473.

P. E. Culli and Inzer, Inzer & Lusk, all of Gadsden, for appellee.

Permanent alimony may be awarded in gross. 185 Ala. 86, 64 South. 96; section 3805, Code 1907; 36 Ala. 391; 203 Ala. 167, 82 South. 417; 19 C. J. 264; 183 Ala. 659, 62 South. 775. The wife was entitled to reasonable counsel fee. 201 Ala. 519, 78 South. 873; 195 Ala. 608, 71 South. 413; 71 South. 661.

SOMERVILLE, J. The cause was submitted and tried as one on two bills of complaint, one by J. W. Shelton against his wife, Susie M. Shelton, for divorce on the ground of adultery, and the other by Susie M. Shelton against her husband, said J. W. Shelton, for divorce on the ground of cruelty, with a prayer for alimony, temporary and permanent, for the custody of their four infant children, and for the setting aside as fraudulent of a deed executed by J. W. Shelton, conveying to his father, also made a party respondent, the grantor's farm, including the homestead, and of the value of about $7,500. The trial court held, on the evidence before it, that the complainant J. W. Shelton was not entitled to the relief prayed, and that the complainant Susie M. Shelton was entitled to relief as prayed.

The only impeachment of these decrees insisted upon in brief is that the award of $4,000 as alimony in gross is excessive and improper, and that the court should have retained control of its award, and held it open for such future readjustment as circumstances might show to be equitable and proper. Mrs. Shelton is 31 years of age, and the oldest of the four children is under 15 years, and the youngest about 5. She has no property nor income of her own. Mr. Shelton is 36 years of age, able-bodied, and with no one else dependent upon him. His estate consists of his farm, valued at $7,500, and about $2,200 of personal property, from which must be deducted an indebtedness of about $1,000.

Upon due consideration of the condition of the parties and the circumstances of the case and in view of the fact that alimony awarded is not subject to the maintenance of the minor children, we are of the opinion that the award of $4,000 is excessive, and that the amount should be reduced to $2,500. To this extent the decree of the circuit court will be modified and corrected, and, as corrected, and in all other respects, it will be affirmed. Appellant will be allowed 60 days in which to make the payment required and appellee will be taxed with the costs of the appeal.

Modified, corrected, and affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.

---

⬾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes