(121 So. 917)
## MILES F. BIXLER CO. v. W. E. YERBY, etc.
### (6 Div. 309.)

Supreme Court of Alabama.    April 18, 1929.

James Kay, of Oneonta, for appellant.
Nash & Fendley, of Oneonta, for appellee.

FOSTER, J.  Reversed and rendered.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

(120 So. 923)
## William S. PARRISH v. Josephine PARRISH.
### (6 Div. 271.)

Supreme Court of Alabama.  Feb. 6, 1929.

PER CURIAM.  Appeal dismissed by appellant.

(121 So. 917)
## R. M. PENNINGTON v. STATE.  (6 Div. 328.)

Supreme Court of Alabama.  March 21, 1929.

Rehearing Denied April 18, 1929.

Palmer H. Bell, of Birmingham, for petitioner.
Charlie C. McCall, Atty. Gen., for the State.

GARDNER, J.  Petition of R. H. Pennington for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in Pennington v. State, 121 So. 924.

Writ denied.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

(121 So. 917)
## T. C. PEPPERS v. Minnie PEPPERS.
### (8 Div. 53.)

Supreme Court of Alabama.    April 4, 1929.

John W. Brown, of Boaz, and J. A. Lusk, of Guntersville, for appellant.

Thos. E. Orr, of Albertville, for appellee.

THOMAS, J.  The suit by the husband was for divorce, and the answer and cross-bill of the wife was for divorce, alimony, and attorney's fees.  The evidence was taken before the register, and not before the trial court.  It is unnecessary that the evidence be considered in detail.  The testimony for complainant is positive and unequivocal of the wife's guilt; there are no circumstances that would justify the court in discrediting this unimpeached and positive evidence for the original complainant.  We are of opinion that the divorce should have been granted the husband.

The statute allowed the wife alimony as a matter of right.  Section 7418, Annotated Code of 1923; Gibson v. Gibson, 203 Ala. 466, 83 So. 478.  The amount of her allowance was excessive, when considered in the light of his indebtedness, personal and real properties, and income therefrom.  Shelton v. Shelton, 206 Ala. 483, 90 So. 491; Smith v. Rogers, 215 Ala. 581, 112 So. 190.  In the Shelton Case, supra, the husband was shown to be worth about $10,000, and 40 per cent. thereof was given the wife, when there was a dissolution of the bonds of matrimony, and the amount of that allowance was reduced.

The amount of the allowance for attorney's fees of $100 is not exorbitant.  The allowance to the wife is disproportionate to the husband's estate, when his liabilities are considered and his physical condition is taken into account.  When the evidence is considered, it would appear the husband's liabilities and the value of his personal property are about equal, and that of his real property is $1,500 or $2,000.  And the allowance for alimony pendente lite we fixed at $100; attorney's fees are fixed at $100; the permanent alimony to the wife is fixed in solido at $100, and that for the support of the child at $120 per year, payable on or before November 15th of that year; and the allowance for the child is subject to the further orders of the Court, who for such purpose retains the cause for any future change in condition and allowance that may be just and right in the premises.  The costs are taxed against the appellant.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.