(122 So. 618)

**ECKERLE v. ECKERLE.** (6 Div. 194.)

Supreme Court of Alabama. May 23, 1929.

Lange, Simpson & Brantley, of Birmingham, for appellant.

Robt. E. Smith, of Birmingham, for appellee.

SAYRE, J. Appellant had a decree of absolute divorce against appellee "on account of actual violence committed upon the person of complainant by the respondent attended with danger to her life or health." Of that much of the decree there is no complaint on this appeal. But appellant was awarded a sum in gross in lieu of alimony, and of that part of the decree she now complains that the allowance was much less than in equity and good conscience it should have been.

Section 7419 of the Code: "If the divorce is in favor of the wife for the misconduct of the husband, the allowance must be as liberal as the estate of the husband will permit, regard being had to the condition of his family and to all the circumstances of the case."

The husband is 68 years of age, and infirm. He had to give up his business some years ago. He holds to what he has with great tenacity, and during the later years of his life with appellant desired that his estate, after his death, should go to his sisters. He has no children nor other dependents. Appellant, the wife, is 40 years of age, in vigorous health, and of late years, by means of her calling as trained nurse, is able to earn a comfortable living. During the 18 years of her married life she kept house for appellee, a good part of the time in mean quarters and without a servant. She has, out of funds earned by herself, largely supplied her per-

sonal needs, furnished the house where in later years she lived with appellee, and, from the same source, has contributed liberally to defraying the household expenses. The more intimate personal relations between the parties we will not discuss. As to that it will suffice to refer to the decree of divorce from which we quoted in the beginning.

Appellant estimates the value of appellee's present real estate holdings at $47,500. She considers that within 3 years before the parties separated appellee has been in the receipt of more than $20,000 in cash from the sale of lots and mortgage securities. But he has accounted for by far the larger part of that as spent in building the house in which the parties lived before separation, in street assessments, and otherwise, and denies, without circumstantial contradiction, the present possession of more than a small part of that sum—a few hundred dollars. As for appellant's estimate of the value of appellee's real estate, we think it is exaggerated. Our judgment is that appellee is now worth in the neighborhood of $35,000, and that, having regard for all the circumstances of the case, the sum of $7,500 as an allowance in gross in lieu of alimony, plus attorney's fee and all costs which are taxed against appellee, will satisfy the demands of equity. A decree to that effect will be entered here. Appellee will be allowed 90 days in which to make the payments required.

In other respects the decree is not disturbed.

Affirmed in part, reversed in part, and rendered.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.