(129 So. 3)

## PHILLIPS v. PHILLIPS.

### 7 Div. 946.

Supreme Court of Alabama.

May 29, 1930.

Opinion Extended June 26, 1930.

See Phillips v. Ashworth, 220 Ala. 237, 124 So. 519.

Inzer, Inzer & Davis, of Gadsden, for appellant.

Goodhue & Lusk, of Gadsden, **for appellee.**

THOMAS, J.

The appeal is from a decree granting divorce and awarding permanent alimony, temporary alimony pending appeal, attorneys' fees, and vesting in appellee certain personal property.

The appellee abandoned appellant on May 5, 9, or 10, 1929, on the grounds of alleged adultery and habitual drunkenness, and appellant denied such facts, and alleged that, if they be true, appellee had condoned such alleged adulterous acts or had connived therein or therewith. Section 7413, Code; Smedley v. Smedley, 30 Ala. 714, 716; Hanberry v. Hanberry, 29 Ala. 719, 723.

It is insisted by appellant that the suit for divorce was not for the purpose of redressing matrimonial wrongs asserted in the pleadings and evidence; and that she prosecuted the suit under such circumstances as to be a fraud upon the law and under the doctrine of recrimination—"not in good faith," and merely for the purpose of obtaining money from her husband "without just and reasonable foundation" or prompted by malice or oppression toward her husband—and should be denied admittance and success in equity. Brindley v. Brindley, 121 Ala. 429, 431, 25 So. 751; Jones v. Jones, 189 Ala. 286, 288, 66 So. 4; Sessoms Grocery Co. v. International Sugar Feed Co., 188 Ala. 232, 235, 66 So. 479; 19 C. J. 93, § 219.

It has been held that the awarding of permanent alimony in gross in sums of about one-half of the net worth of the husband was excessive. Farrell v. Farrell, 196 Ala. 167, 71 So. 661; Black v. Black, 199 Ala. 228, 74 So. 338; Shelton v. Shelton, 206 Ala. 483, 90 So. 491; McWilliams v. McWilliams, 216 Ala. 16, 112 So. 318; Eckerle v. Eckerle, 219 Ala. 371, 122 So. 618.

The general rule, or that of our cases. from Smith v. Smith, 45 Ala. 264, 268, to the present Smith v. Rogers, 215 Ala. 581, 583, 112 So. 190, 191, is that:

"* * * The 'allowance' contemplated by our statute is something more than a mere substitute for the current maintenance and support normally due from the husband to the wife during their joint lives and the continuance of the marriage relation. This is confirmed by our decisions which have adopted as a standard basis for estimating the allowance, subject, of course, to various qualifying circumstances, the approximate value of the wife's interest in the husband's estate if she were his surviving widow. Jeter v. Jeter, 36 Ala. 391, 401; King v. King, 28 Ala. 315.

"In accord with this theory of the nature of permanent alimony, especially where awarded in gross, it is said that:

" 'The amount of the allowance ordinarily varies from one half of the husband's estate to a third, or even less, although it would seem that where the wife is entitled to alimony and he is possessed of an estate, it would be improper under any circumstances to give her less than what her dower interest therein would have been, for the reason that he should not be allowed to profit by his own wrong.' 1 R. C. L. 930, § 77."

The general rule and our other cases are stated in 1 R. C. L. 930; King v. King, 28 Ala. 315; Jeter v. Jeter, 36 Ala. 391, and is restated by Mr. Justice Somerville in Smith v. Rogers, supra.

We have carefully examined this record, and are of opinion that the wife was induced by the husband to the honest belief—accepted in good faith—that he was not guilty of the unfaithful and unlawful conduct charged against him in the seduction suit; and that her continued relations with him were not a condonation of his conduct, so as to preclude her action when she was informed and awakened to the true relations that the husband had sustained to other women. Mischler v. Duchman, 159 La. 478, 105 So. 559. This is within the equitable doctrine of "clean hands," and allowed the wife to allege in a divorce suit such "act of seduction," with other acts of infidelity that had destroyed her confidence in her husband. And the testimony of the wife, this complainant, in the former seduction suit against the husband, to the effect that she was present in the husband's store two years before, at or about the time or hour the alleged seduction and criminal act is alleged to have been committed or occurred in the dressing room of the husband's store, cannot, under the circumstances, be said to show that the wife was not deceived and misled by the husband, and her subsequent conduct in testifying for him and living with him was not a connivance or

condonation by the wife of the husband's act of adultery with the said Ashworth, the plaintiff in the damage suit against Phillips. And there was no condonation of the husband's cohabitation with the witness Fowler. And the evidence of its corroboration supports or tends materially to support the positive testimony of the fact. And the fact that she hesitated and delayed the final conclusion of separation to May 5, 1929 (no act of condonation being shown within such time), merely shows that she did not desire to leave the husband, and was giving the whole circumstances a careful consideration before the final act of separation.

In Ortman v. Ortman, 203 Ala. 167, 170, 82 So. 417, 420, the circumstances determining the amount of the award are stated as follows: " * * * The wife's income or other means of support possessed by her, the joint labor and capacity for work of the husband and wife, their joint income; things blending with income, as personal labor, sources from which the common property came, whether there are children or other relatives to be supported or educated and on whom the burden thereof devolves; the nature, extent, and clearness of proof of the husband's delictum, the demeanor and conduct of the wife toward the husband during the cohabitation; the ability of each party to earn money; the wife's forbearance and waiting to bring her suit; the husband's condition in life, health, and needs; the wife's condition in life, health, and needs; the ages of the parties and the cause of divorce (Lovett v. Lovett, 11 Ala. 763, 770); the ability of the court to enforce the decree (Bulke v. Bulke, 173 Ala. 138, 55 So. 490). In consideration for the husband, the decree should not be to 'cripple him by compelling a sacrifice of his property. His ability to pay and hers to collect should be alike taken into the account and duly adjusted.'"

■ The three appraisers of appellant's real property fixed the value at $25,828, *without deducting encumbrances*. The latter reduced the amount to about $23,000. The court's award amounting to about $14,500 (to include the value of the furniture) was excessive. The furniture given the wife was worth about $800 to $2,000, and this value should be considered in making the final or gross award. Coleman v. Coleman, 198 Ala. 225, 228, 73 So. 473; Bulke v. Bulke, 173 Ala. 138, 55 So. 490. See, Ex parte Apperson, 217 Ala. 176, 115 So. 226, for authorities.

The testimony shows that Mrs. Phillips is much younger than respondent; that the latter has a permanent and serious physical disability; was engaged in business and laying the foundation for his fortune when he married; that complainant was employed by him at from $7 to $10 per week when they married, and thereafter continued such service at times in the store, when not engaged at home; that she ran the home on $10 a week, as to laundry and grocery bills, etc.

■ The fact of a policy of insurance, aside from its cash surrender value, could not be counted a part of the husband's estate out of which allowances in gross for alimony should be made.

■ We are impressed, and so hold, that the judgment for her allowance for attorneys' fees of $1,500 should be reduced to $1,000, and such is the order; and that "permanent alimony" fixed at $11,500 should be reduced to $7,500, and such is the judgment rendered. The $75 per month fixed as an allowance for support of complainant, pending the appeal from the decree of date of December 30, 1929, is not disturbed. And in the respects indicated, the judgment of the trial court is corrected.

■ The decree properly fixed and adjudged a lien upon the property described for the payment of the sums indicated. We have here indicated the amounts of the decree, the same to be paid in reasonable installments to be fixed by the trial court in its corrected decree. There is no additional sum to be added by way of a penalty under the statute. Section 6153, Code; Dent v. Foy, 210 Ala. 161, 97 So. 627; Fourth Natl. Bank v. Woolfolk, 220 Ala. 344, 125 So. 217. The costs of the transcript and those on appeal in this court are fixed against the appellant.

Corrected and affirmed in part, and remanded.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.

### Supplemental Opinion.

PER CURIAM.

To clarify the opinion as to allowances of items of interest, the attorneys' fees shall bear interest from the date of the original judgment here, May 29, 1930; the temporary allowance pendente lite to bear interest from the respective due dates as decreed to be paid by the trial court; and the permanent allowance of alimony of $7,500 to bear interest from the date of the original judgment here, viz., May 29, 1930; that execution or order of sale be not issued as to permanent alimony and attorneys' fees for ninety days from this date.

All the Justices concur.