(137 So. 24)

### PLUNKETT v. PLUNKETT.
### 6 Div. 901.

Supreme Court of Alabama.

Oct. 8, 1931.

J. T. Johnson, of Oneonta, for appellant.

P. A. Nash, of Oneonta, and J. A. Lusk, of Guntersville, for appellee.

GARDNER, J.

The appeal is from a decree awarding an absolute divorce to the wife from the husband on the ground of cruelty, permanent alimony payable in gross sum, and attorneys' fees in her behalf.

A discussion of the evidence or any detail consideration thereof in any aspect would serve no useful purpose. Suffice it to say the charge of cruelty is well sustained by the proof, and in some instances he has been guilty of rather gross misconduct. Though the parties have lived together more than thirty years, and she has borne him eleven children, ten of whom survive, yet it clearly appears they have come to a final parting of the way at the age of 56, and the testimony of the husband is fully persuasive he is entirely willing for the final separation.

 His complaint on this appeal rests principally upon the question of the amount of alimony awarded, $1,500, and $250 attorneys' fee. Our statute (section 7419, Code 1923) provides that in case of divorce "in favor of the wife for the misconduct of the husband, the allowance must be as liberal as the estate of the husband will permit, regard being had to the condition of his family and to all the circumstances of the case." We cite a few of our more recent decisions discussing and giving application to familiar rules for the guidance of the court on questions of this character, a reiteration of which we consider here unnecessary. Phillips v. Phillips, 221 Ala. 455, 129 So. 3; Smith v. Rogers, 215 Ala. 581, 112 So. 190; Ex parte Watson, 220 Ala. 409, 125 So. 669; Eckerle v. Eckerle, 219 Ala. 371, 122 So. 618; Shelton v. Shelton, 206 Ala. 483, 90 So. 491; Black v. Black, 199 Ala. 228, 74 So. 338; Farrell v. Farrell, 196 Ala. 167, 71 So. 661; Ex parte Williams, ante, p. 221, 135 So. 172. See, also, 19 Corpus Juris, 252–262; 1 R. C. L. 929–932.

The award of permanent alimony in gross sum is well recognized by our authorities. Smith v. Rogers, supra.

 Appellant has a well-improved farm of estimated value from three to seven thousand dollars, and a few hundred dollars of personalty, all of which, as we understand the record, is unincumbered, though he appears to be indebted to various parties about $1,300. He is evidently a good farmer, thrifty and industrious, with no suggestion of any physical infirmity or any impediment to his earning capacity. It is difficult to fix upon a correct valuation of appellant's property, but we are persuaded one of the infirmities of the argument of his counsel that the alimony awarded is excessive lies in the fact that he places the value at too low a figure, as we think the preponderance of the proof sustains a valuation of $4,500. This argument also leaves out of view the husband's earning capacity, proper here to be considered (Farrell v. Farrell, supra), and likewise overlooks the fact that the wife by her labor jointly with the husband assisted in establishing what estate they have. She worked in the field and at the home, helped to rear and care for the children, made some extra funds occasionally by her labor, and was equally as thrifty and industrious as the husband. The two started their married life with nothing, and slowly accumulated through the years; but, if we correctly interpret the record, hers has been the more a life of self-sacrifice made harder to bear by unkind and unsympathetic treatment. She has no property of her own, and her ability for work has lessened. All of these matters are to be taken into account, and so considered we are persuaded the decree rendered should not be here disturbed, either as to the permanent alimony, the manner of its payment in gross, or counsel fees allowed.

The decree will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.