139 So. 246

## HAYS v. HAYS.

### 6 Div. 54.

Supreme Court of Alabama.

Jan. 21, 1932.

J. Clark Taylor, Jr., Fort, Beddow & Ray, and G. Ernest Jones, all of Birmingham, for appellant.

Stephen B. Coleman and Mullins, Pointer & Deramus, all of Birmingham, for appellee.

---

THOMAS, J.

The appeal is from a decree allowing alimony pendente lite, permanent alimony, and denying "petition for alimony pending her appeal." And as a due precaution, appellant files petition for rule nisi or alternative writ of mandamus to review the "matter of alimony allowance in the event it should be held that such review cannot be had by way of appeal."

The matters presented by assignments of error Nos. 1 and 2 are reviewed by the appeal taken. In those respects the decree was final and not interlocutory. De Graffenried v. Breitling, 192 Ala. 254, 68 So. 265.

The evidence was heard "orally in open court." The rule, long prevailing, has application to such hearing at law and in equity.

The rules that obtain in the allowance of alimony, temporary and permanent, under the statutes, are understood and the authorities collected in recent cases, as Plunkett v. Plunkett (Ala. Sup.) 137 So. 24;[1] Phillips v. Phillips, 221 Ala. 455, 129 So. 3; Smith v. Rogers, 215 Ala. 581, 112 So. 190; Pitchford v. Pitchford, 222 Ala. 612, 133 So. 718.

The trial judge very carefully cross-examined some of the witnesses and the complainant as a witness in her own behalf, and announced his conclusions in the original decree of date of October 30, 1931, and as modified on November 4, 1931, as to its section five.

A discussion of the evidence or any detailed statement thereof in the several respects would serve no useful purpose. It is sufficient to say we are of the opinion, and so hold, that the decree as amended is free from reversible error.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

---

[1] 223 Ala. 400.