148 So. 422

## JOHNSON v. FUQUA et al.
### 5 Div. 848.

Court of Appeals of Alabama.
June 30, 1932.

Rehearing Denied Nov. 22, 1932.

Huddleston & Glover, of Wetumpka, for appellant.

Holley, Milner & Holley, of Wetumpka, for appellees.

**BRICKEN, P. J.**

G. A. Johnson, appellant, brought this suit in assumpsit in the circuit court of Elmore county, Ala., against George Fuqua and Bond Bros., a corporation, to recover of them the sum of $270, alleged to be due. The summons and complaint was filed in office by the clerk of said court on July 20, 1929, and on the same day an attachment was issued out of said court against the estate of said Bond Bros., which was executed July 23, 1929, by the sheriff of Elmore county, levying on 110 cross-ties. The cross-ties in question were alleged in said writ of attachment to be located at Wadsworth, Ala., and at the residence of the plaintiff in Elmore county, Ala. On July 20, 1929, a branch attachment writ was issued out of the circuit court of Elmore county, against certain cross-ties alleged in said writ to be located at Wetumpka, Ala., and at the residence of plaintiff in Elmore county, Ala. As Wetumpka is in Elmore county, the branch attachment writ was issued to enforce a lien on cross-ties alleged to be in Elmore county. This branch attachment writ was levied by R. H. Weeks, the sheriff of Autauga county by levying the same on 725 cross-ties. Whether the action was begun by attachment or whether the attachment was ancillary to, or in aid of, a pending suit that day brought by plaintiff against defendant, does not clearly appear from the record. From the record, however, the writer is of the opinion that the action was begun by summons and complaint, which was duly served upon each of the defendants, and that the attachment was ancillary to said suit.

George Fuqua was an individual who, so far as the proof is concerned, resided in Jefferson county, Ala., at the time this action was begun in the court below. Bond Bros., the other defendant, was a corporation organized under the law of the state of Kentucky, but had qualified to do business in the state of Alabama, and, at the time the cause of action arose and at the time this action was begun in the court below, had its principal office and place of business at No. 820, American Trust Building, Birmingham, Ala., with one A. A. Savage, as its authorized agent. Within the time allowed by law each one of the defendants filed its (his) plea to the jurisdiction of the court based upon our venue statute, that is to say,—Bond Bros. and George Fuqua, both, and each respectively, alleged that the suit in question should have been brought in Jefferson county, Ala. This action was based upon a contract made by Fuqua with Johnson. Section 10467, Code of Alabama, 1923, requires that all actions on contract, except as otherwise provided, must be brought in the county in which the defendant, or one of the defendants, resides, if such defendant has within the state a permanent residence. It is without dispute that George Fuqua had a permanent residence in the city of Birmingham, Jefferson county, Ala.

Section 10471 of the Code of Alabama, 1923, provides that a foreign or domestic corporation may be sued in any county in which it does business by agents, or was doing business by agent at the time the cause of action arose.

█ We have given the testimony in this case very careful consideration, and have reached the conclusion that there is not one scintilla of testimony that proves, or from which it may reasonably and legitimately conclude, that, at the time this suit was brought, Bond Bros., said corporation, was doing business by agent in Elmore county, Ala. As we understand the evidence it shows without dispute that George Fuqua, one of the defendants, of his own initiative and acting solely for himself had employed G. A. Johnson, the plaintiff, to haul and transport certain railroad cross-ties from a point in Chilton county, Ala.; to Wadsworth in Autauga county, Ala. These cross-ties, so far as the evidence discloses, were the property of the said Fuqua. It is not even contended that Johnson, the plaintiff, had any connection with Bond Bros. in so far as this action is concerned, unless Fuqua was the agent of said Bond Bros. and acted for them. But this conclusion is not sustained by the testimony nor by any of its legitimate tendencies. Fuqua testified: "It was in either 1925, or 1926 when I did the last work for Bond Brothers; * * * I have been producing ties which were simply sold to Bond Brothers; and their inspectors inspected my ties and took them and paid for them like anybody else. The arrangement was, as I stated to the jury awhile ago, that I obtained money from them with which to buy timber, the timber was taken in their name and worked up by me and paid for, that is the relationship that existed between me and the Company." In other words, Fuqua borrowed money from Bond Bros. with which to purchase timber; to secure the payment of the money borrowed, the title to the timber was taken in the name of Bond Bros.; the amount of purchase money was charged by Bond Bros. to Fuqua; Fuqua manufactured the timber into cross-ties; these he sold to Bond Bros. at an agreed price delivered at Wadsworth. If there is anything in this testimony that tends to invest Fuqua with any authority to charge Bond Bros. with the costs of transporting the cross-ties in question from Chilton county to Wadsworth, we are unable to see it.

Under the testimony, Fuqua had no authority whatever to bind Bond Bros. in regard to the transportation of these ties, much less to open a store account with Johnson,

the plaintiff, either in his own name, or in the name of Bond Bros., and bind Bond Bros. for the payment thereof. The contract between Fuqua and Johnson was: "I told him I had some ties over there in Chilton County, and that some of them were 6x8-eight feet long, and some 7x9-8½ feet long, and I told him I would pay him 11 cents for the 6x8, and 14 cents for the 7x9, delivered at Wadsworth, Alabama." Whatever liability accrued in favor of the plaintiff for the hauling of these ties by Johnson from Chilton county to Wadsworth was a liability against Fuqua and not against Bond Bros. The ties in question were the property of Fuqua and not the property of Bond Bros., and were not subject to a writ of attachment issued against Bond Bros. until they were delivered at Wadsworth and purchased by Bond Bros. In so far as the testimony in this case discloses, the ties levied upon both at Wadsworth, in Autauga county, and at the home of Johnson, in Elmore county, were the property of Fuqua at the time the writs of attachment were levied, although said writs were directed to and against the estate of Bond Bros. Bond Bros. were entitled to the affirmative charge because at the time the cause of action in this case arose, and at the time the suit was brought, Bond Bros. were not doing business by agent in Elmore county, Ala. Code 1923, § 10471; Jefferson Island Salt Co. v. E. J. Longyear Co., 210 Ala. 352, 98 So. 119.

██ The affirmative charge was also properly given in behalf of the defendant Fuqua, for the reason that, at the time the cause of action arose and at the time this suit was brought, said Fuqua resided in the city of Birmingham, Jefferson county, Ala. Furthermore, if the attachment writ had been issued against the estate of said Fuqua, Johnson could not subject them to process issuing out of the circuit court of Elmore county, Ala., by hauling said ties from Chilton county to his home in Elmore county, and there depositing them, under a contract he had with Fuqua to haul said ties from Chilton county to Wadsworth in Autauga county. Sessoms Grocery Co. v. International Sugar Feed Co., 188 Ala. 232, 66 So. 479.

██ The record in this case shows that the defendant Fuqua amended his plea to the jurisdiction of the court, and what that amendment was. This amended plea was filed October 8, 1930. The only demurrers presented for our consideration by the record are set out in the record at pages 8 to 10, inclusive. These demurrers were filed October 7, 1930, and related to pleas which had been filed by the defendant to the jurisdiction of the court on August 15, 1929. The record does not show that these demurrers were refiled to defendant's (Fuqua) amend-

ed plea, which was filed October 8, 1930. The record, therefore, does not present any question for our consideration, as to the judgment of the trial court upon plaintiff's demurrers to the defendant's (Fuqua) amended plea. But conceding that the same demurrers were filed to this amended plea, still the judgment of the trial court on these demurrers is governed by the statute and applicable cases hereinabove cited. We find that the judgment of the trial court upon the demurrers, and upon the motion for a new trial, and its rulings upon the testimony, are in accord with the views hereinabove expressed, and that the requested written charges prayed for by plaintiff were not in accord with the statutes and applicable authorities, and the judgment of the court below is therefore affirmed.

Affirmed.