### G. A. JOHNSON v. George FUQUA et al.
#### 5 Div. 130.

Supreme Court of Alabama.

Jan. 26, 1933.

Rehearing Denied June 9, 1933.

---

Huddleston & Glover, of Wetumpka, for petitioner.

Holley, Milner & Holley, of Wetumpka, for respondents.

### PER CURIAM.

Petition of G. A. Johnson for certiorari to the Court of Appeals to review and revise the judgment and decision of that Court in G. A. Johnson v. George Fuqua et al., 25 Ala. App. 292, 148 So. 422.

Writ denied.

All the Justices concur, except GARDNER, J., who dissents.

### GARDNER, J. (dissenting).

I am persuaded the pleas in abatement were subject to the assignment of demurrer taking the point they fail to allege the attached property was brought into Elmore county for the purpose of venue jurisdiction. The plea in Sessoms Grocery Co. v. International Sugar Feed Co., 188 Ala. 232, 66 So. 479, relied upon by the Court of Appeals, contained such an allegation. Pleas of this character are rested upon the theory of "a fraud in law" or "an abuse of judicial process." Sessoms Grocery Co. v. International Sugar Feed Co., supra; Van Horn Brothers v. Great Western Mfg. Co., 37 Kan. 523, 15 P. 562; Fitzgerald Const. Company v. Fitzgerald, 137 U. S. 98, 11 S. Ct. 36, 34 L. Ed. 608.

Numerous examples of such fraud and deceit as applicable to questions of this character are noted in 1 Shinn on Attachments and Garnishments, p. 389. Other illustrative authorities are: Pomroy & Co. v. Parmlee, 9 Iowa, 140, 74 Am. Dec. 328; Steele v. Boyd, 6 Leigh (Va.) 547, 29 Am. Dec. 218; Ex parte Hurn, 92 Ala. 102, 9 So. 515, 13 L. R. A. 120, 25 Am. St. Rep. 23; Cunningham v. Baker, 104 Ala. 160, 16 So. 68, 53 Am. St. Rep. 27; Hill v. Goodrich, 32 Conn. 588; 32 Cyc. 448; 50 Corpus Juris, 488, 615–620.

Underlying the principle upon which these authorities rest is plaintiff's tortious conduct. A mere breach of contract may occur without any intentional wrongful conduct, and my conclusion is that the averment of a breach of contract, and nothing more, fails to meet the requirements of the decisions and the principle upon which they are founded.

I, therefore, respectfully dissent.

#### On Rehearing.

### PER CURIAM.
Application overruled.

All the Justices concur, except GARDNER and BROWN, JJ., who dissent.