I concur in the main opinion in all respects except one: although the evidence does support a finding of incompatibility, I do not believe that the court's finding of *Page 330 
adultery in its divorce judgment is incorrect. The wife's testimony that she had received telephone calls from two of the husband's alleged paramours during the last three months before the parties' separation was corroborated, at least in part, by the husband's assertion of his Fifth Amendment right not to testify when questioned by the wife's attorney about his alleged extramarital affairs. Although the main opinion correctly notes that neither the husband's extrajudicial admissions or the husband's invocation of the Fifth Amendment,alone would support a divorce judgment on the basis of adultery, no case is cited to the effect that the twotogether do not amount to substantive evidence supporting such a judgment.
In addition, the wife's attorney asked the husband about a series of credit-card receipts detailing expenses that had been incurred during time periods when, the husband testified, he was alone. Several of those receipts were for $30 to $40 at bars and for $125 and $140 for individual meals. The husband refused to answer questions seeking more details, again asserting his Fifth Amendment rights. Additionally, the wife's lawyer inquired about the nonexistence of hotel or motel bills during the last year before trial when the husband was supposed to be working out of state for his employer. The husband's failure to answer those questions lent additional support to a permissible inference, i.e., that the husband was cohabiting with someone other than his wife.
As noted in King v. King, 28 Ala. 315 (1856), one of the first cases to consider the legislative prohibition of collusive divorce judgments:
 "The Code makes [extrajudicial confessions of adultery] insufficient, but does not absolutely exclude them. It makes them admissible, but forbids the rendition of a decree for divorce, when they constitute the only evidence of the alleged cause for divorce. It does not, however, forbid the rendition of such decree when they do not constitute the only evidence, but are proved in conjunction with other circumstances and conduct, which confirm or tend to confirm them, and repel the idea of collusion between the parties. A decree for divorce, rendered on confessions, and conduct, and circumstances, is not a decree `rendered on the confession of the parties', within the meaning of the Code."
King, 28 Ala. at 319 (emphasis added); see alsoRussell v. Russell, 270 Ala. 662, 120 So.2d 733 (1960). Although the special concurrence, like the main opinion, acknowledges that settled statutes and decisions require corroboration in order for a party to be determined in a divorce judgment to have committed adultery, I believe the evidence and logical inferences that may be drawn from the evidence in this case support the trial court's conclusion that the husband had committed adultery. Additionally, I must defer to the trial court's findings of fact pursuant to the ore tenus standard. See, e.g., Percey v. Percey, 617 So.2d 682
(Ala.Civ.App. 1992) (findings of the trial court are presumed factually correct and can be altered on appeal only if they are palpably wrong). Therefore, I respectfully dissent from the reversal of the trial court's judgment of divorce on the ground of adultery.
MURDOCK, J., concurs.